IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

E. RON PICKARD & LINDA PICKARD, As
Trustees of the SHARON CHARITABLE TRUST,
And AS INDIVIDUALS,

    Plaintiffs,

vs.                                                             No. 1:09-CV-01170

TENNESSEE MATERIALS CORPORATION,
Charles Ray Smith, Owner of TENNESSEE
MATERIALS CORPORATION and ELTON
JOHNSON, Landowner,

    Defendants.

## REPORT AND RECOMMENDATION

On referral for determination and/or report and recommendation are Plaintiffs' Consolidated Motion for Entry of Default and Final Default Judgment against Defendant Tennessee Materials Corporation [D.E.79], and Defendants Tennessee Materials Corporation (TMC) and Charles Ray Smith (Defendant Smith) Motion to set aside the Clerk's Entry of Default against TMC and for additional time to respond to Plaintiffs' motion to lift stay [D.E.92]. On November 3, 2011, the Magistrate Judge held a telephonic conference with the attorneys representing Plaintiffs and Defendants TMC and Smith regarding status of these motions and the case as a whole.

After reviewing these motions and memoranda, this Court finds the requisite good cause required by Rule 55(c) and recommends that Defendants' Motion to Set Aside the Clerk's Entry of Default against TMC should be granted and that Plaintiffs' Motion for Entry of Default and Final Default Judgment against TMC be denied.

The good cause standard in setting aside the entry of a default by the clerk has been interpreted to include (1) whether the plaintiff will be prejudiced (2) whether the defendant has a meritorious defense and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co., Inc. v. Seaboard Coastline RR.* 705 F.2d 839, 843-44 (6th Cir. 1983). The Court finds no prejudice to Plaintiffs, particularly in view of the litigation still remaining against Defendant Smith and the fact that there continued to be a stay of the litigation throughout this entire time. As to a meritorious defense, the Defendants had answered with a 28-page pleading containing responses and affirmative defenses which have not been challenged by a Rule 11 motion. Finally, the Court does not find that Defendant TMC was culpable given the circumstances of its corporate status and change of legal counsel.

The Court also finds that Defendants Smith and TMC have an additional 14 days following the entry of the Order setting aside the Clerk's entry of default to respond to Plaintiffs' Motion to Lift Stay.

Respectfully Submitted,

<u>s/Edward G. Bryant</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date: **November 4, 2011**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**