IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

E. RON PICKARD & LINDA PICKARD, as
Trustees of the SHARON CHARITABLE
TRUST, and as individuals,

    Plaintiffs,

v.  No. 09-1170

TENNESSEE MATERIALS CORPORATION,
CHARLES RAY SMITH, Owner of Tennessee
Materials Corporation, and ELTON JOHNSON,
Landowner,

    Defendants.
_____

ORDER ON OBJECTIONS TO REPORT AND RECOMMENDATION AND
GRANTING IN PART PLAINTIFFS' MOTION FOR CONTEMPT AND ENTRY OF
DEFAULT AND FINAL DEFAULT JUDGMENT
_____

On July 17, 2013, pursuant to an order of reference, Magistrate Judge Edward G. Bryant recommended that the March 13, 2013 consolidated motion of the Plaintiffs, E Ron. Pickard and Linda Pickard, for contempt and an entry of default and default judgment against the Defendant, Charles Ray Smith, be granted. The magistrate judge found that, in the history of this lawsuit to date, Smith had failed to obey four court orders, repeatedly failed to advise the Court as well as opposing counsel of his current mailing address, and did not confer with and assist Plaintiffs' attorney in preparing a proposed Rule 16(b) scheduling order. Based on these findings, it was recommended that the Court sanction the Defendant by ordering the entry of default judgment against him. (D.E. 142 at 8.) Smith filed an objection to the report and recommendation, and the Plaintiffs have responded. Based on the following reasons, the Court ADOPTS the report and recommendation.

## I. BACKGROUND

The magistrate judge summarized the facts leading to the Plaintiffs' motion as well as the arguments of the parties as follows:

> This extended litigation began August 12, 2009, when Plaintiffs filed this lawsuit against Defendant Charles Ray Smith, his company Tennessee Materials ("TMC") and Elton Johnson, the owner of the land where Mr. Smith and TMC operated a mine. During its course thus far, this lawsuit has seen an administrative stay, a bankruptcy stay and significant other delays prompted by various attorneys representing Defendant Smith.
> Thomas L. Parker first appeared as the attorney for Mr. Smith and TMC on August 14, 2009. On January 15, 2010, the District Court entered an order staying the proceedings pending completion of the parties' hearing before the Tennessee Water Quality Control Board. This stay was partially lifted to permit Plaintiffs to serve a request to inspect and test. On May 27, 2011, Attorney Parker was permitted to withdraw as attorney for Mr. Smith and TMC, and Defendants were ordered to inform the Court of the identity of their new counsel within 30 days of the entry of this Order [D.E.74]. Defendants failed to do so, and this was the first of four failures to obey court order. As a result of this first failure, Plaintiffs filed a motion for default judgment against TMC on June 28, 2011 [D.E.79]. The Clerk's Entry of Default occurred on August 11, 2011 and the Magistrate Judge set a hearing on the Motion for Default Judgment for September 12, 2011 (which was, at request of the Plaintiffs, reset a month later on October 12th).
> Attorney Robert Binkley, Jr. was then retained by Mr. Smith and TMC, and made his appearance on October 10, 2011. This occurred some four months after the 30-day deadline, set by the District Court at [D.E.37], expired . . . . Subsequently, the District Court adopted the Magistrate Judge's report and recommendation that the entry of default be set aside.
> On July 23, 2012, following the bankruptcy filing of Defendant TMC, Attorney Binkley and his law firm withdrew as attorneys for Defendants Smith and TMC, and Defendant Smith once against was ordered to advise the District Court within thirty days as to the identity of his new counsel or if he would be proceeding in the matter *pro se* [D.E.113]. However, it was necessary that a second Order be mailed to Defendant Smith on September 21, 2012, as a copy of this Order had not been mailed to him [D.E.114]. Nonetheless, Defendant Smith against failed to respond to the Court.
> Defendant Smith's next involvement in this litigation occurred on December 17, 2012, when he was represented at the first of two telephone conferences set by the Magistrate Judge with Plaintiffs' attorney and Attorney Jim Haywood. Mr. Haywood had joined the conversation, but had not yet made an appearance for Mr. Smith (nor did he ultimately). This conversation, as well as conversation during the second telephone conference, primarily concerned the subject of Defendant Smith

securing another attorney.

The second telephone conference involving Mr. Haywood was January 25, 2013, and as a result, this Magistrate Judge issued an Order dated January 28, 2013 requiring Defendant Smith to notify the Court–within two weeks of the entry of the Order–the name of his new attorney or if he intended to represent himself in the lawsuit. If he did acquire an attorney, the attorney was to immediately file a Notice of Appearance. The parties also were to agree on a scheduling order within two weeks of the parties determining if Mr. Smith had legal counsel or would be representing himself. Significantly, Mr. Smith was ordered to immediately notify both the Court and Plaintiffs' attorney of his physical address. [D.E.122]. The Magistrate Judge takes notice that Attorney Haywood understood his requirement to notify Defendant Smith and as an attorney and an officer of the Court, in fact did so advise Defendant of this Court Order. Also, the District Court Clerk's receipt from Attorney Haywood of Mr. Smith's address and telephone number on that same day (January 28, 2013) is further evidence that Defendant Smith was advised by Mr. Haywood of this third Court Order. Defendant's address was purported to be 23030 Hwy 69, Crump, Tennessee 38237. However, Defendant Smith failed for a third time to provide the other information as to an attorney, *pro se* status and efforts to agree on a scheduling order. Following the failure of Defendant Smith to comply with these requirements imposed by the January 28, 2013 Order, the District Court entered a separate Show Cause Order, dated February 20, 2013, as to why default should not be entered against Defendant Smith [D.E.123]. In this Order, the District Court specifically warned Mr. Smith that failure to timely and adequately respond to the show cause order would result in entry of default against him in this matter [D.E.124]. Emblematic of the problems caused by a mobile Defendant Smith and his failure to keep the Court advised of his current mailing addresses, the District Court letter containing this Order was returned February 20, 2013 as undeliverable [D.E.125]. The letter had been mailed to Mr. Smith at 23030 Hwy 69, Crump, Tennessee 38327, which was the most recent address of Mr. Smith on record, as provided by Attorney Haywood on January 28, 2013, only three weeks earlier. Nonetheless, Defendant already was on sufficient notice by the Order of the Magistrate Judge that he was to have accomplished these three items – notification of his current physical address, notification of whether he would be proceeding *pro se*, and to achieve a scheduling order with opposing counsel.

Plaintiffs have filed the instant Motion, designated as Motion for Contempt and Entry of Default and Final Default Judgment Against Defendant Charles Ray Smith [D.E.127]. Also, Plaintiffs now have filed a Notice of Corrected Filing to note that service of this Motion was not accomplished as stated in the original filing, but has now been corrected by serving Defendant Smith with this Motion on April 1, 2013. The notice was made by U.S. Mail and FedEx to Mr. Smith at three different addresses–23030 Highway 69, Crump, Tennessee 38327, 443 Lew Wallace, Crump, Tennessee 38327 and Tennessee Materials Corp., P.O. Box 65, Savannah, Tennessee 38372.

As noted, on April 12, 2013, Attorney Jennifer A. Deen entered an

>   appearance for Defendant, specifically for Defendant "Charles Ray Smith, in his individual capacity." Following an agreed extension of time, counsel, on April 4, 2013, filed Defendant's response [D.E. 139] to the Motion. Therein, Defendant Smith argues the relief sought here–including the request for a finding of civil contempt, and the issuance of default and declaratory judgments–should be denied. As to his failure to hire another attorney, Defendant says he took all steps within his power to comply and that his actions/inactions were not committed willfully or in bad faith as he did not have the funds. Further, he never considered *pro se* status.

(Report & Recommendation, D.E. 142 at 1–5 (footnotes omitted).) No objections have been raised to the magistrate judge's factual summary, and the Court therefore adopts this portion of the report.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) permits a magistrate judge to make a recommendation regarding a "pretrial matter dispositive of a claim or defense." The parties may file an objection fourteen days after being served with a copy of the magistrate judge's report and recommendation. Fed.R.Civ.P. 72(b)(2). Pursuant to Rule 72(b)(3) and 28 U.S.C. § 636(b)(1), the district judge is to make a *de novo* determination of the magistrate judge's recommendations to which objections have been made. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

Magistrate Judge Bryant considered the issue of whether default judgment would be an appropriate sanction for Smith's disobeyance of court orders, failure to update his address of record, and not participating in the preparation of a joint proposed scheduling order. Rule 16(f) of the Federal Rules of Civil Procedure provides that sanctions may be imposed against a party who fails

to appear at a pretrial conference or fails to obey a pretrial order.[1]  As explained by a cross-reference to Rule 37, the available sanctions under Rule 16(f) include "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(vi).  In addition to the Federal Rules of Civil Procedure, the Court has the "inherent power to 'protect[] the due and orderly administration of justice and . . . maintain[] the authority and dignity of the court . . . .'"  Bowles v. City of Cleveland, 129 F. App'x 239, 241 (6th Cir. 2005)(quoting Cooke v. United States, 267 U.S. 517, 539, 69 L. Ed. 767, 45 S. Ct. 390 (1925))(alterations in original); see also Dell, Inc. v. Advicon Computer Servs., Inc., No. 06-11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007)("[I]t is well-established that a federal court has the inherent authority to . . . enter default judgment . . . based on a party's failure to obey court orders in general . . . when the circumstances warrant as much."), aff'd Dell, Inc. v. Elles, No. 07-2082, 2008 WL 4613978 (6th Cir. June 10, 2008).

In determining whether default judgment was an appropriate sanction here, the magistrate judge considered the four factors listed in Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir. 1988), *superseded on other grounds by statute, as stated in* Gamby v Equifax Info. Servs., LLC, No. 06-11020, 2009 WL 142751 (E.D. Mich. Jan. 9, 2009).  These

---

[1]Even though Rule 55 is entitled "default; default judgment," the motion at issue in the magistrate judge's report and recommendation does not involve Rule 55, which addresses default when one party fails to "plead or otherwise defend."  As Wright, Miller, & Kane note:
> Rule 55(a) does not represent the only source of authority in the rules for the entry of a default that may lead to judgment.  As a result, a party who has filed a responsive pleading or otherwise defended still may be found in default for noncompliance with the rules at some later point in the action.  For example Rule 37(b)(2)(C) and Rule 37(d) both provide for the use of a default judgment as a sanction for violation of the discovery rules.

10A Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 2683, at 19 (3d ed. 1998).  In this case, the Defendant has not failed to "plead or otherwise defend."  Rather, he failed to *inter alia* comply with various pretrial orders, for which sanctions may be imposed under Rule 16(f), including default.

5

factors include: (1) "whether the failure to comply was based on inability (on the one hand) or willfulness, bad faith, or fault (on the other);" (2) "whether the adversary party has been prejudiced;" (3) "whether the sanctioned party was on notice that noncompliance could lead to an ultimate sanction;" and (4) "whether lesser sanctions are appropriate." (D.E. 142 at 6 (citing Roslies-Perez v. Superior Forestry Serv., Inc., 652 F. Supp. 2d 887, 900 (M.D. Tenn. 2009)).) Applying this legal standard to the circumstances of this case, the magistrate judge determined that the Defendant's inactions and noncompliance with the Court's orders were willful, and impliedly found that the Plaintiffs were prejudiced because of the time and money wasted as a result of the delay, that the Court warned the Defendant about the consequences of failing to comply with its orders on several occasions, and that lesser sanctions would be ineffective.[2] (Id. at 6–8.) Thus, the magistrate judge concluded that awarding the Plaintiffs a default judgment was the appropriate sanction for the Defendant's conduct. Smith raises no specific objections to the legal standard utilized by the magistrate judge, but he makes essentially three objections to the way the law was applied in his case.

First, the Defendant objects to the magistrate judge's finding of "willfulness." Specifically, Smith's counsel advises the Court that her client's inability to afford legal counsel during much of this litigation prevented him from timely complying with various orders of the Court. She also states that Smith "never intended to give wrong [mailing] addresses" as he "assumed . . . the address[es] were] valid." (D.E. 143 at 3.) This "objection" essentially restates the arguments already made by

---

[2]The Court notes that the magistrate judge did not address each of the four Regional Refuse factors separately. Nonetheless, because the magistrate judge determined that default judgment was an appropriate sanction in this case, it can be presumed that he found, at the least, that these factors weighed in favor of imposing the severest of sanctions.

Smith to the magistrate judge, who specifically addressed and rejected them as meritless. Magistrate Judge Bryant correctly determined that Smith "had channels of communication with the Court and access to the various orders placing the requirements on him to keep the Court apprised of his address, to notify the Court of his attorney" or of his intent to proceed *pro se*, "and to work to achieve a scheduling order," and that therefore his utter disregard and failure to act constituted "willful disobedience" of the various court orders. (D.E. 142 at 7.) The Sixth Circuit has upheld the imposition of default judgment (as well as the equally severe sanction of dismissal) as sanctions for conduct similar to and even less egregious than the Defendant's here. See, e.g., Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 739 (6th Cir. 2008)(upholding dismissal of plaintiff's complaint as sanction for failing to act within a court-ordered deadline and characterizing plaintiff's conduct as willful and evincing fault, even though plaintiff "did not [directly] violate any court orders"); Dell, 2008 WL 4613978 at *3 (affirming entry of default judgment for defendant's disregard of court orders, including an order to change his address of record). As such, Smith's objection to the magistrate judge's finding of willfulness is overruled.

Second, the Defendant objects to the recommendation of sanctions for his failure to participate in preparing a scheduling order. He insists that the Court's order of January 28, 2013 (D.E. 122) contemplates first that counsel for the Plaintiffs would contact either Smith or his attorney, if one had been retained, to decide on deadlines for inclusion in a proposed joint scheduling order, which Plaintiffs' counsel would then prepare and submit to the Court. The Defendant's present counsel argues that she never received any proposed scheduling order or communication relating thereto from Plaintiffs' counsel and, she avers, neither did the Defendant's previous counsel. Essentially, the Defendant argues that he cannot be faulted for failing to participate in the

7

preparation of a scheduling order when he was never notified that such preparation was under way. However, Plaintiffs' counsel's failure to contact the Defendant about a joint scheduling order was likely due to the fact that the Defendant never informed the Court and/or opposing counsel of his current mailing address and never advised whether he had hired new counsel or instead intended to represent himself in this matter. Regardless, the sanction of default judgment is appropriately based on other of the Defendant's conduct, and therefore any error on the part of the magistrate judge in faulting Defendant for not participating in preparing a joint scheduling order is harmless.

Third, the Defendant objects to the magistrate judge's consideration of what purported to be the Plaintiffs' "reply" to the Defendant's response to the motion for contempt and entry of default and default judgment. The Plaintiffs filed a motion for leave to file a reply, which the Court granted, but the Plaintiffs never filed a reply. Instead, their "reply," which the magistrate judge cited and indeed appears to have relied on in his report and recommendation, was filed only as an exhibit to their motion for leave to file a reply. (See Ex. 1 to D.E. 140.) Smith, however, does not to cite to any case law or other authority for the notion that a court cannot consider, in ruling on one motion, a briefing filed as an exhibit to another motion in the same case. Even if it were error for the magistrate judge to consider the Plaintiffs' "reply" document, this Court finds that the arguments presented in the Plaintiffs' motion alone were sufficient to persuade the magistrate judge, or this Judge, that the Defendant's conduct warranted the severest of sanctions. Therefore, that the magistrate judge's report and recommendation purported to rely in part on arguments raised in the Plaintiffs' reply does not require this Court to reject it.[3] Instead, because the Court agrees with the

---

[3]The Defendant also objects to the magistrate judge's report and recommendation to the extent it relies on the Plaintiffs' assertion, which the magistrate judge found to be "uncontested," that the Defendant, immediately before TMC filed for bankruptcy, strategically transferred title

magistrate judge that the sanction of default judgment is warranted in light of the Defendant's "clear record of delay and contumacious conduct," see Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980)(per curiam), it adopts this recommendation.

IV.  CONCLUSION

For the reasons articulated herein and upon de novo review, the Court **ADOPTS** the magistrate judge's report and recommendation.  As a sanction for Defendant Smith's dilatory and contemptuous conduct in this litigation, default judgment will be awarded to the Plaintiffs on their claims against him.

IT IS SO ORDERED this 6th day of September 2013.

                                s/ J. Daniel Breen
                                J. DANIEL BREEN, CHIEF JUDGE
                                UNITED STATES DISTRICT COURT

---

to valuable property, which could have been liquidated to pay for his legal representation, to a separate entity owned by his children.  However, the Plaintiffs made this assertion in their reply alone, and not in the original motion, and as this Court has determined that the reply was noncrucial to the ultimate recommendation of default judgment, the Defendant's objection is moot.