IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

E. RON PICKARD & LINDA PICKARD, as
Trustees of the SHARON CHARITABLE
TRUST, and as individuals,

      Plaintiffs,

v.                                No. 09-1170

CHARLES RAY SMITH, Owner of Tennessee
Materials Corporation,

      Defendant.

_____

ORDER SETTING ASIDE GRANT OF DEFAULT JUDGMENT
_____

      On August 12, 2009, Plaintiffs, E. Ron Pickard and Linda Pickard, filed this lawsuit against

Defendant Charles Ray Smith, his company Tennessee Materials ("TMC") and Elton Johnson, the

owner of land where Smith and TMC operated a mine.  On July 17, 2013, pursuant to an order of

reference on the March 13, 2013 consolidated motion of the Plaintiffs for contempt and an entry of

default and default judgment against Smith, Magistrate Judge Edward G. Bryant recommended that

the Court sanction the Defendant for failing to obey four court orders, repeatedly failing to advise

the Court as well as opposing counsel of his current mailing address, and not conferring with and

assisting Plaintiffs' attorney in preparing a proposed Rule 16(b) scheduling order.  In an order dated

September 6, 2013, this Court affirmed the report and recommendation of the magistrate judge and

ordered that default judgment be entered against Smith as a sanction.  (D.E. 147.)  Now before the

Court is Defendant's September 27, 2013 motion to set aside the September 6th order granting

default judgment against him.  For the reasons set forth below, the motion is GRANTED.

      As an initial matter, the Court must consider a question of governing law.  The Defendant's

motion, styled "Motion to Set Aside Default Judgment," seeks relief under two alternative provisions of the Federal Rules of Civil Procedure: Rule 55(c), which permits a court to set aside a default or default judgment for good cause, and Rule 60(b), which grants relief from final judgments. Under either rule, the analysis considers the elements laid out in <u>United Coin Meter Co. v. Seaboard Coastline Railroad</u>, 705 F.2d 839, 844 (6th Cir. 1983): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. However, the standard for applying these elements is more demanding under Rule 60(b) than under Rule 55(c). <u>O.J. Distrib., Inc. v. Hornell Brewing Co.</u>, ,340 F.3d 345, 352 (6th Cir. 2003). "[T]he stricter Rule 60(b) standard for setting aside a default judgment applies once the default has ripened into a judgment, meaning once the court has determined damages and a judgment has been entered." <u>Dassault Systemes, SA v. Childress</u>, 663 F.3d 832, 839 (6th Cir. 2011)(citations and internal quotation marks omitted).

In the Order that Smith seeks to have set aside, the Court granted the Plaintiffs' request for default judgment, but there has not yet been an entry of default judgment because the issue of damages is still pending before the magistrate judge, (*see* Motion for Award of Damages, D.E. 151; Order of Reference, D.E. 153). As such, Rule 60(b) cannot provide Defendant the relief he seeks because that provision "applies only to final, appealable judgments," and "[a]n order granting default judgment without any judgment entry on the issue of damages is no more than an interlocutory order." <u>Childress</u>, 663 F.3d at 840. Further complicating the situation is the fact that, because default judgment was requested, and ultimately awarded, as a sanction for conduct other than "fail[ing] to plead or otherwise defend," it was not necessary for there to be–and indeed there was not–a preceding entry of default by the clerk under Rule 55(a). Thus, on the surface it would appear

relief under Rule 55(c) from an entry of default is also unavailable. However, the Sixth Circuit Court of Appeals, confronting this exact procedural scenario, found it appropriate to treat the grant of default judgment simply as a "default," such that "the more lenient Rule 55(c) standard governs [the] motion to set aside." Childress, 663 F.3d at 840. This Court will do the same here.

Applying Rule 55(c)'s more lenient standard, the Court finds that at least two of the three relevant factors counsel in favor of a set-aside. As to the prejudice element, Plaintiffs complain that this case is more than four years old and that they have already "incurred significant legal fees and expenses dealing with the consequences of Defendant's delays." (D.E. 154 at 6.) However, "[d]elay alone is not a sufficient basis for establishing prejudice . . . [n]or does increased litigation cost generally support entry of default." Childress, 663 F.3d 832 at 842 (citations and internal quotation marks omitted). Rather, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Id. (quoting INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987))(internal quotation marks omitted). The prejudice relevant to this inquiry is not that which has already resulted from the defendant's conduct but, instead, the "future prejudice that will result from reopening the judgment." Id. (citing Berthelsen v. Kane, 907 F.2d 617, 620–21 (6th Cir. 1990)). Because the argument presented by the Plaintiffs here "boils down to prejudice that resulted from past conduct, which is irrelevant to the question whether to set aside the entry of default," Childress, 663 F.3d at 842, the prejudice element does not weigh in favor of denying Smith's motion.

The second element–whether Defendant has any meritorious defenses–was previously addressed by the magistrate judge in a report and recommendation, which was affirmed by this

Court, on an earlier motion to set aside an entry of default against Smith. (*See* Report and Recommendations, D.E. 104; Order Adopting Report and Recommendation, D.E. 105.) The magistrate judge found that "the Defendants had answered [the complaint] with a 28-page pleading containing responses and affirmative defenses which had not been challenged by a Rule 11 motion." (D.E. 104 at 2.) Because nothing has changed in that regard, this second element again weighs in favor of a set-aside.

When the first two factors favor setting aside the default, it is an abuse of discretion for the court to deny a Rule 55(c) motion in the absence of some "willful" conduct of the defendant that resulted in the default. Shepard Claims Serv., Inc. v. William Darrah & Associates, 796 F.2d 190, 194 (6th Cir. 1986). "[I]t is not absolutely necessary that [the conduct precipitating the default] be excusable." Id. (citation and internal quotation marks omitted). "To be treated as culpable, the conduct . . . must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Id. Although Defendant's conduct in failing to obey court orders, failing to update the Court and opposing counsel of his current mailing address, and not helping Plaintiffs' attorney prepare a proposed scheduling order, evidences a certain stubborn disobedience, the Court does not agree with Plaintiffs that it was Defendant's intent to disrespect the court proceedings. This conclusion is particularly sound in light of the Sixth Circuit's instruction that "[a]ny doubt . . . be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." United Coin Meter, 705 F.2d at 846 (internal quotation marks omitted). The culpability element therefore is not so compelling as to overcome the weight of the first two factors, which militate in favor of setting aside the "default." For these reasons, Smith's motion is GRANTED, and the grant of default judgment against him is VACATED.

IT IS SO ORDERED this 7th day of November, 2013.

/s J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE